Approved: _____
EMILY DEININGER
Assistant United States Attorney

Before:   THE HONORABLE LISA MARGARET SMITH
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                :   SEALED COMPLAINT 19mag 5062

          - v. -                        :   Violations of
                                            18 U.S.C. §§ 922(a)(4),
TARAS HANKEWYCZ,                        :   922(o)(1) & 2; 26 U.S.C. §§
    a/k/a "TJ,"                             5861(d) & (i)
                                        :
          Defendant.                        COUNTY OF OFFENSE:
                                        :   WESTCHESTER

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   RONALD HANSEN, being duly sworn, deposes and says that he is a Special Agent with Homeland Security Investigations ("HSI"), and charges as follows:

### COUNT ONE

   1.  In or about March 2019, in the Southern District of New York, TARAS HANKEWYCZ, a/k/a "TJ," the defendant, not being a licensed importer, manufacturer, dealer, or any collector of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly transported in interstate and foreign commerce a machinegun, as defined in Title 26, United States Code, Section 5845, to wit, a full automatic conversion part, without the specific authorization of the Attorney General.

   (Title 18, United States Code, Sections 922(a)(4) and 2.)

### COUNT TWO

   2.  On or about March 11, 2019, in the Southern District of New York, TARAS HANKEWYCZ, a/k/a "TJ," the defendant, did knowingly possess a machinegun, as defined in Title 26, United States Code, Section 5845, to wit, a full automatic conversion part.

(Title 18, United States Code, Section 922(o)(1).)

## COUNT THREE

3. On or about March 11, 2019, in the Southern District of New York, TARAS HANKEWYCZ, a/k/a "TJ," the defendant, did knowingly possess a firearm, as defined in Title 26, United States Code, Section 5845 and Title 18, United States Code, Section 921, to wit, five firearms silencers, which were not registered to him in the National Firearms Registration and Transfer Record.

(Title 26, United States Code, Section 5861(d).)

## COUNT FOUR

4. On or about March 11, 2019, in the Southern District of New York, TARAS HANKEWYCZ, a/k/a "TJ," the defendant, did knowingly possess a firearm, as defined in Title 26, United States Code, Section 5845 and Title 18, United States Code, Section 921, to wit, five firearms silencers, which were not identified by a serial number as required by Title 26, United States Code, Section 5842.

(Title 26, United States Code, Section 5861(i).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5. I am a Special Agent with HSI and I have been personally involved in the investigation of this matter. This affidavit is based upon that experience, my conversations with other law enforcement officers and others, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my review of U.S. Customs and Border Protection ("CBP") reports, I have learned, among other things, the following:

    a. Since in or about February 2019, CBP, along with HSI, the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), and the U.S. Postal Inspection Service ("USPIS"), has been investigating the importation of machineguns through international mail facilities. The investigation has focused on the importation of full automatic conversion parts, also known as "switches," from China, which are designed solely and exclusively for use in

2

modifying certain firearms - typically Glock handguns - into machineguns. Glock, Inc. has informed the CBP that it does not manufacture, authorize, or endorse these switches.

        b. As part of this ongoing investigation, several entities known to have shipped switches from China to the United States have been identified.

        c. On or about February 28, 2019, a package (the "Target Package") was identified by an officer with CBP at the HSI Los Angeles International Mail Facility as suspicious because it had been shipped by one of those entities from China. The CBP officer opened the Target Package and found that it contained a full automatic conversion part, falsely identified as having being manufactured by Glock in Austria (the "Glock Switch").

        d. The Target Package was addressed to a "TJ Hankewycz" at 53 Cassilis Avenue, Bronxville, New York (the "Hankewycz Residence").

        e. The return address on the Target Package was located in the Nanyang prefecture of the Henan province in China.

    7. Based on my training, experience, and conversations with law enforcement agents with the ATF, I know that the Glock Switch qualifies as a "machinegun" under the National Firearms Act, Title 26, United States Code, Section 5845(b).

    8. Based on my participation in this investigation, I know that, on or about March 11, 2019, the Honorable Lisa Margaret Smith, United States Magistrate Judge, Southern District of New York, authorized an anticipatory search warrant (the "Search Warrant") for the Hankewycz Residence. The search warrant was authorized to be executed if an adult was observed collecting the Target Package and bringing it into the Hankewycz Residence after the Target Package was placed in the mailbox of the Hankewycz Residence.

    9. Based on my participation in physical surveillance and the execution of the Search Warrant at the Hankewycz Residence on or about March 11, 2019, I know the following:

        a. On or about March 11, 2019, at approximately 3:40 p.m., an adult male who was later identified as TARAS HANKEWYCZ, a/k/a "TJ," the defendant, was observed collecting the Target Package from the mailbox of the Hankewycz Residence and bringing the Target Package into the Hankewycz Residence.

b.      Shortly thereafter, at approximately 3:50 p.m., HANKEWYCZ was observed exiting the rear of the Hankewycz Residence and entering a car (the "Hankewycz Car").

c.      I and other law enforcement agents then approached the Hankewycz Car and made contact with HANKEWYCZ. HANKEWYCZ agreed that he was willing to speak to us, exited the Hankewycz Car, and reentered the Hankewycz Residence accompanied by myself and approximately five other law enforcement agents.

d.      Inside the Hankewycz Residence, HANKEWYCZ stated, in sum and substance, the following:

i.      The Glock Switch was located in the Hankewycz Car. HANKEWYCZ agreed that a law enforcement agent could search the Hankewycz Car to recover the Glock Switch, and stated that the Glock Switch was located in a compartment in the Hankewycz Car's front console.

ii.     HANKEWYCZ had purchased the Glock Switch a few weeks earlier through an application on his cellphone known as "Wish" that was linked to the website Wish.com.

iii.    HANKEWYCZ referred to the Glock Switch as a "switch."

iv.     HANKEWYCZ acknowledged that the Glock Switch was a part designed to be used with a pistol, although he stated that he believed the Glock Switch was a flat piece of metal that would be installed on the back of a pistol's slide.

v.      HANKEWYCZ showed me, on his cellphone and using the Wish application, his order history for the Glock Switch, which included a picture of the Glock Switch. That picture depicted the Glock Switch as a small cubic black device, with one or more protruding pieces, matching the Glock Switch's actual appearance.

e.      An HSI Special Agent recovered the Glock Switch from a compartment in the front console of the Hankewycz Car. The Target Package that had contained the Glock Switch was recovered from the pocket in the driver's seat door of the Hankewycz Car.

f.      After the agents recovered the Glock Switch and Target Package, HANKEWYCZ told the agents, in substance and in part, that he believed the Target Package had been shipped from China because everything ordered from Wish generally came from China.

4

g.   I and other law enforcement agents then executed the Search Warrant at the Hankewycz Residence. During the search, the following items, among others, were found:

i.   Four M1 Carbine rifles, one SKS-style rifle, two Mossberg 500A shotguns, and one Remington shotgun, all of which were found in a firearm safe in the attic. The SKS-style rifle was equipped with a bayonet and a grenade launcher muzzle device.

ii.   Two unfinished pistol frames, a Glock-compatible pistol barrel, and two Glock parts kits, all of which were found in the basement.

iii.   One Olympic Arms .223 caliber rifle, one Savage Arms .223 caliber rifle, and one AR .223 caliber lower receiver, all of which were found in a crawl space under the basement stairs.

iv.   Seven suspected firearms silencers.

v.   Six 30-round high capacity magazines for an AR rifle, three high capacity magazines for a .22 caliber AR firearm, and one high capacity magazine for an unknown firearm.

10.   Based on my experience, training, and conversations with law enforcement agents with the ATF, I know that the pistol frames, Glock-compatible pistol barrel, and Glock parts kits found in the basement of the Hankewycz Residence can be used to build an operable pistol.

11.   Based on my conversations with a Special Agent with the ATF, I know that:

a.   Five of the seven suspected firearms silencers found at the Hankewycz Residence have been determined, based on lab testing and analysis conducted by the ATF, to be firearms silencers.

b.   Those firearms silencers are not identified by serial numbers.

c.   TARAS HANKEWYCZ, a/k/a "TJ," the defendant, does not have any firearms, including firearms silencers, registered to him in the National Firearms Registration and Transfer Record.

WHEREFORE, deponent respectfully requests that TARAS HANKEWYCZ, a/k/a "TJ," the defendant, be arrested and imprisoned or bailed, as the case may be.

SPECIAL AGENT RONALD HANSEN
Homeland Security Investigations

Sworn to before me this
28th day of May 2019

THE HONORABLE LISA MARGARET SMITH
UNITED STATES MAGISTRATE JUDGE

6