

# Fox Rothschild LLP
### ATTORNEYS AT LAW

101 Park Avenue, 17th Floor
New York, NY 10178
Tel (212) 878-7900  Fax (212) 692-0940
www.foxrothschild.com

MATTHEW S. ADAMS
Direct No: 973.994.7573
Email: MAdams@FoxRothschild.com

November 16, 2020

**VIA ECF**

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    **RE:**    **United States v. Taras Hankewycz**
                **Case No.: 7:19-cr-00649-KMK**

Dear Judge Karas:

    As Your Honor is aware, we represent defendant Taras Hankewycz in the above-entitled action. On November 10, 2020, on behalf of Mr. Hankewycz, the undersigned filed a Motion to Reduce Sentence and for Compassionate Release ("Motion"). On November 13, 2020, this Court Ordered the government to respond to the Motion by November 16, 2020.

    On November 16, 2020, the government responded to the Motion and admitted that there was a severe outbreak of COVID-19 at Fort Dix, acknowledged the short time Mr. Hankewycz has left of his sentence (less than two months), but asserted Mr. Hankewycz was "relativity healthy" ("Opposition"). Please accept this letter brief in lieu of a more formal submission in reply to the government's Opposition and in further support of Mr. Hankewycz's Motion. We respectfully request that this matter be heard at the Court's earliest opportunity.

    Contrary to the government's assertion, adult Still's Disease, while rare, is a serious medical condition. Still's Disease can cause inflammation of the heart and excess fluid around the lungs- making it difficult to breathe.[1] The COVID-19 virus can similarly damage the lungs and

---

[1] https://www.mayoclinic.org/diseases-conditions/adult-stills-disease/symptoms-causes/syc-20351907

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota   Nevada
New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Virginia   Washington

116353920.v1



Hon. Kenneth M. Karas
November 16, 2020
Page 2

heart.[2] There can be no question that a medical condition that also causes damage to the lungs and heart would create a serious risk of severe illness or death for someone that contracts COVID-19. Further, that both Still's Disease and COVID-19 are associated with a condition called "cytokine storm" is extremely relevant- cytokine storm is deadly for COVID-19 patients.[3] Additionally, while the CDC did not specify "Still's Disease" on its list of certain underlying medical conditions, the CDC specifically states "notably, the list may not include every condition that might increase one's risk for developing severe illness from COVID-19, such as those for which evidence may be limited or nonexistent (e.g., rare conditions)."[4]

Further, while Mr. Hankewycz was aware of his Still's Disease at sentencing, Mr. Hankewycz was sentenced in April- well before experts were aware of the full effects of COVID-19 or what pre-existing medical conditions would create a greater risk of death.

Mr. Hankewycz has been prescribed Adderall for his ADHD. Most recently, Fort Dix failed to give Mr. Hankewycz his medication on November 7th and November 8th. There have been several other occasions over the past few months when Fort Dix failed to provide Mr. Hankewycz's medication for several days. Denying someone medication for their mental illness, during a pandemic while the person is housed in a prison with surging COVID-19 cases, *is* extraordinary. *See e.g., United States v. Ozols*, No. 16 Cr. 692 (JMF), 2020 WL 2849893 (S.D.N.Y. June 2, 2020) (granting release to wire fraud defendant who had completed 3/4 of 39 month sentence, was 42, and had anxiety and depression).

Receiving a "break" at sentencing, as the government alleges occurred here, is not sufficient grounds for denying a compassionate release application in this matter. *See United States v. Naik.*, No. 18-CR-190-WJM, 2020 WL 6156715, at *3 (D.N.J. Oct. 21, 2020) (granting compassionate release to a defendant in Fort Dix that was sentenced to six months in prison with weeks left in defendant's sentence, notwithstanding that the advisory Guidelines range for the original offense was 30 to 37 months).

Mr. Hankewycz understands the seriousness of his crime. He has spent several months in prison for the non-violent offense. The government appears to allege that two more months in prison are necessary to satisfy an adequate deterrence to criminal conduct. Those two more months

---

[2] https://www.mayoclinic.org/diseases-conditions/coronavirus/in-depth/coronavirus-long-term-effects/art-20490351

[3] https://www.forbes.com/sites/claryestes/2020/04/16/what-is-the-cytokine-storm-and-why-is-it-so-deadly-for-covid-19-patients/?sh=6618c0af460f; https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7527296/
[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html



Hon. Kenneth M. Karas
November 16, 2020
Page 3

in jail could mean a death sentence for Mr. Hankewycz. On balance, in light of the clear and undeniable risk presented by the COVID-19 outbreak at Fort Dix, that deterrence can be achieved through home confinement. The risk of a possible death sentence in the hopes that a few more weeks in prison would serve as a greater deterrence for future criminal conduct is absurd. Under the circumstances of a global pandemic, the time served is sufficient to balance the seriousness of his crime with the need to promote deterrence and respect for the law. Requiring Mr. Hankewycz to remain in prison for any more time, in light of the circumstances presented and the unavoidable risk to his health, will serve no purpose other than to unnecessarily increase the probability that Mr. Hankewycz's life will be at risk.

As of this evening, according to the Bureau of Prisons Coronavirus website, which tracks the number of COVID-19 cases at the Bureau of Prisons' facilities, the number of inmates at FCI Fort Dix who have contracted COVID-19 has again increased to **238**. The number of staff members who have contracted COVID-19 is **15**. (See https://www.bop.gov/coronavirus/). Further, since November 10, 2020, **a mere six days ago, an additional five (5) inmates have died** in BOP custody from COVID-19- a total of 140 inmates have now died in BOP custody from COVID-19. Additionally, in the six days since Mr. Hankewycz filed his motion, at least two more courts have recognized the grave danger COVID-19 poses at Fort Dix. *See State v. Powell*, No. CR 16-CR-163-YK, (M.D. Pa. Nov. 12, 2020) (granting compassionate release to a defendant in Fort Dix that was sentenced to 188 months and had been incarcerated for 60 months because he had kidney disease and did not pose a threat to the public); *United States v. Weikel*, No. 16-20659, 2020 WL 6701914, at *3 (E.D. Mich. Nov. 13, 2020) (granting compassionate release to a sixty-eight year old man incarcerated at Fort Dix and scheduled for release on June 1, 2023, noting the outbreak of COVID-19 at Fort Dix and the lack of testing).

As the concern for Mr. Hankewycz's safety continues to grow, and the COVID-19 outbreak continues to worsen at Fort Dix, we respectfully request that this matter be heard at the Court's earliest opportunity. As always, we thank the Court for its consideration of this matter. Should the Court require anything further from Mr. Hankewycz, please do not hesitate to have Your Honor's chambers contact the undersigned directly.

Respectfully submitted,

Matthew S. Adams

cc: James Ligtenberg (AUSA) (James.Ligtenberg@usdoj.gov)

*Handwritten annotation:* Application for Compassionate Release is granted. Defendant has served 2/3 of his sentence and it clear that the coronavirus is, once again, spreading rapidly in For Dix. Moreover, while close, the Section 3553(a) factors do not merit keeping Defendant detained. While his possession of the firearms is troubling, the Probation Department retains the ability to conduct unannounced searches as a condition of Defendant's supervised release thus addressing the public safety concerns. On balance, then, release is appropriate.

So Ordered. 11/17/20

116353920.v1